09-1042-ag
Lin v. Holder

BIA
Holmes-Simmons, IJ
A099 026 068

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 5th day of May, two thousand ten.

PRESENT:
        ROBERT D. SACK,
        ROBERT A. KATZMANN,
        GERARD E. LYNCH,
            *Circuit Judges.*

_____

CHANG DE LIN,
        *Petitioner*,

        v.                                      09-1042-ag
                                                NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent*.

_____

FOR PETITIONER:      Jia Tao, Law Office of Xiumin Chen, New York, N.Y.

FOR RESPONDENT:      Tony West, Assistant Attorney General; Keith I. McManus, Senior Litigation Counsel; Joseph A. O'Connell, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, DC

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

The Petitioner, Chang De Lin, a native and citizen of the People's Republic of China, seeks review of a February 13, 2009, order of the BIA affirming the July 17, 2007, decision of Immigration Judge ("IJ") Theresa Holmes-Simmons denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Lin*, No. A099 026 068 (B.I.A. Feb. 13, 2009), *aff'g* No. A099 026 068 (Immig. Ct. N.Y. City July 17, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review only the decision of the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 157-58 (2d Cir. 2008); *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

## I. Asylum

Lin does not challenge the BIA's finding that he failed

2

to establish past persecution.  Nor does he address the BIA's finding that the fact that his wife remained in China unharmed despite having given birth to a child without permission undermined his claim that he will be sterilized if returned to China.  *See Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999) (finding that because asylum applicant's family members continued to live in applicant's native country unharmed, her claim of a well-founded fear was diminished).  Moreover, we find unavailing Lin's assertion that the BIA erroneously required him to corroborate his claim.  It was Lin's burden to demonstrate his eligibility for relief.  *See* 8 U.S.C. § 1229a(c)(4)(A).  Moreover, although credible testimony alone *may* suffice to carry that burden, it does not always.  *See* 8 U.S.C. § 1158(b)(1)(B)(ii); *Diallo v. INS*, 232 F.3d 279, 287 (2d Cir. 2000).  Here, the BIA found that Lin "has not submitted any evidence to show that, based on his situation, he possesses a well-founded fear of persecution in China."  Lin provides us no reason to disturb that finding.

Finally, we decline to consider Lin's unexhausted argument that he is eligible for asylum because there exists

3

a pattern or practice of persecution of individuals who violate the family planning policy in China. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005).

## II. Withholding of Removal and CAT Relief

Lin does not set forth the standard for withholding of removal or CAT relief in his brief before this Court, much less challenge the bases for the IJ's denial of these forms of relief. Accordingly, we deem any such challenge waived. *See id.*

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4